Judge Benjamin H. Settle

FILED _____ LODGED _____
RECEIVED
SEP 30 2021
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>STEPHEN RIAN PRICE,<br><br>Defendant. | NO. CR21-5255 BHS<br><br>**PLEA AGREEMENT** |

The United States of America, by and through Tessa M. Gorman, Acting United States Attorney for the Western District of Washington, and Angelica J. Williams, Assistant United States Attorney for said District, Defendant STEPHEN RIAN PRICE, and Defendant's attorney, John R. Carpenter, enter into the following Plea Agreement, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B):

1. **Waiver of Indictment**. Defendant, having been advised of the right to be charged by Indictment, agrees to waive that right and enter a plea of guilty to the charges brought by the United States Attorney in an Information.

2. **The Charges.** Defendant, having been advised of the right to have this matter tried before a jury, agrees to waive that right and enter a plea of guilty to counts 1

Plea Agreement - 1
U.S. v. Price, CR21-5255 BHS

UNITED STATES ATTORNEY
1201 PACIFIC AVE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

and 2 contained in the Information for committing the offenses of Production of Child Pornography in violation of Title 18, United States Code, Sections 2251(a) and (e).

By entering pleas of guilty, Defendant hereby waives all objections to the form of the charging document. Defendant further understands that before entering any guilty plea, Defendant will be placed under oath. Any statement given by Defendant under oath may be used by the United States in a prosecution for perjury or false statement.

3. **Elements of the offenses**. The elements of Production of Child Pornography, as charged in Counts 1 and 2, are as follows:

*First*, the defendant knowingly employed, used, persuaded, induced, enticed, or coerced a minor to engage in sexually explicit conduct;

*Second*, the defendant did so for the purpose of producing a visual depiction of such conduct or transmitting a live visual depiction of such conduct; and

*Third*, the defendant knew or had reason to know that the depiction would be transmitted/transported across state lines or in foreign commerce; the depiction was actually transmitted/transported across state lines or in foreign commerce; or the depiction was produced using materials that had been shipped or transported in interstate commerce.

4. **The Penalties**. Defendant understands that the statutory penalties applicable to the offenses to which Defendant is pleading guilty, the offenses of Production of Child Pornography, as charged in Counts 1 and 2, are as follows: A maximum term of imprisonment of up to 30 years and a mandatory minimum term of imprisonment of 15 years, a fine of up to $250,000, a period of supervision following release from prison of no less than five years and up to life, a mandatory special assessment of $100, a penalty assessment of $5,000 unless Defendant is indigent, and up to a $50,000 assessment because Defendant is pleading guilty to a child pornography production offense. If a probationary sentence is imposed, the probation period can be for up to five (5) years.

Plea Agreement - 2
U.S. v. Price, CR21-5255 BHS

UNITED STATES ATTORNEY
1201 PACIFIC AVE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

Defendant understands that supervised release is a period of time following imprisonment during which Defendant will be subject to certain restrictive conditions and requirements. Defendant further understands that, if supervised release is imposed and Defendant violates one or more of the conditions or requirements, Defendant could be returned to prison for all or part of the term of supervised release that was originally imposed. This could result in Defendant serving a total term of imprisonment greater than the statutory maximum stated above.

Defendant understands that as a part of any sentence, in addition to any term of imprisonment and/or fine that is imposed, the Court may order Defendant to pay restitution to any victim of the offense, as required by law. Defendant understands he may be required to pay a minimum of $3,000.00 to each victim of the offense to which he is pleading guilty.

Defendant further understands that the consequences of pleading guilty may include the forfeiture of certain property, either as a part of the sentence imposed by the Court, or as a result of civil judicial or administrative process.

Defendant agrees that any monetary penalty the Court imposes, including the special assessment, fine, costs, or restitution, is due and payable immediately and further agrees to submit a completed Financial Disclosure Statement as requested by the United States Attorney's Office.

5. **Immigration Consequences**. Defendant recognizes that pleading guilty may have consequences with respect to Defendant's immigration status if Defendant is not a citizen of the United States. Under federal law, a broad range of crimes are grounds for removal, and some offenses make removal from the United States presumptively mandatory. Removal and other immigration consequences are the subject of a separate proceeding, and Defendant understands that no one, including Defendant's attorney and the Court, can predict with certainty the effect of a guilty plea on immigration status. Defendant nevertheless affirms that Defendant wants to plead guilty regardless of any

Plea Agreement - 3
U.S. v. Price, CR21-5255 BHS

UNITED STATES ATTORNEY
1201 PACIFIC AVE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

immigration consequences that Defendant's guilty plea may entail, even if the consequence is Defendant's mandatory removal from the United States.

6. **Rights Waived by Pleading Guilty.** Defendant understands that by pleading guilty, Defendant knowingly and voluntarily waives the following rights:

   a. The right to plead not guilty and to persist in a plea of not guilty;

   b. The right to a speedy and public trial before a jury of Defendant's peers;

   c. The right to the effective assistance of counsel at trial, including, if Defendant could not afford an attorney, the right to have the Court appoint one for Defendant;

   d. The right to be presumed innocent until guilt has been established beyond a reasonable doubt at trial;

   e. The right to confront and cross-examine witnesses against Defendant at trial;

   f. The right to compel or subpoena witnesses to appear on Defendant's behalf at trial;

   g. The right to testify or to remain silent at trial, at which trial such silence could not be used against Defendant; and

   h. The right to appeal a finding of guilt or any pretrial rulings.

7. **United States Sentencing Guidelines**. Defendant understands and acknowledges that the Court must consider the sentencing range calculated under the United States Sentencing Guidelines and possible departures under the Sentencing Guidelines together with the other factors set forth in Title 18, United States Code, Section 3553(a), including: (1) the nature and circumstances of the offense; (2) the history and characteristics of Defendant; (3) the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (4) the need for the sentence to afford adequate deterrence to criminal conduct; (5) the need for the sentence to protect the public from further crimes of

Plea Agreement - 4
U.S. v. Price, CR21-5255 BHS

UNITED STATES ATTORNEY
1201 PACIFIC AVE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

Defendant; (6) the need to provide Defendant with educational and vocational training, medical care, or other correctional treatment in the most effective manner; (7) the kinds of sentences available; (8) the need to provide restitution to victims; and (9) the need to avoid unwarranted sentence disparity among defendants involved in similar conduct who have similar records. Accordingly, Defendant understands and acknowledges that:

      a.    The Court will determine Defendant's Sentencing Guidelines range at the time of sentencing;

      b.    After consideration of the Sentencing Guidelines and the factors in 18 U.S.C. 3553(a), the Court may impose any sentence authorized by law, up to the maximum term authorized by law;

      c.    The Court is not bound by any recommendation regarding the sentence to be imposed, or by any calculation or estimation of the Sentencing Guidelines range offered by the parties or the United States Probation Department, or by any stipulations or agreements between the parties in this Plea Agreement; and

      d.    Defendant may not withdraw a guilty plea solely because of the sentence imposed by the Court.

8. **Ultimate Sentence.** Defendant acknowledges that no one has promised or guaranteed what sentence the Court will impose.

9. **Statement of Facts.** The parties agree on the following facts. Defendant admits Defendant is guilty of the offenses of Production of Child Pornography as charged in Counts 1 and 2:

Defendant lived with his girlfriend, T.C., and his mother, P.P., at a motel in Washougal, Washington. Prior to MV1's birth, Defendant and T.C. had four children together. Defendant and T.C.'s parental rights to all four children were terminated. Among the listed reasons for termination their parental rights was Defendant's sexual perpetration toward children. Child Protective Services (CPS) was unaware of MV1's birth.

Plea Agreement - 5
U.S. v. Price, CR21-5255 BHS

UNITED STATES ATTORNEY
1201 PACIFIC AVE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

While living at the motel, beginning at a date uncertain, but no earlier than October 18, 2018, Defendant filmed himself with his LGk20 cellular device inserting his penis into the anus of his infant daughter (MV1). Defendant inserted his penis into MV1's anus on at least four separate occasions prior to his arrest on October 16, 2019. At the time of each rape, MV1 was under the age of one.

On October 15, 2019, Defendant used a social media platform called Discord to communicate with another user about MV1's rape. Defendant stated that MV1 was "not even a year old yet" and that she "doesn't cry anymore when I'm fucking her ass." Defendant said, "I've fucked her maybe 4 times" and that if he "was alone right now I'd be getting more stuff of her."

During this Discord chat session, Defendant uploaded both an image and a video of MV1. In the image, MV1 is seen naked in a bathtub. Near MV1's face is Defendant's erect penis and on her face is Defendant's semen. The uploaded video is approximately four minutes long and depicts MV1 nude on the sofa bed in Defendant's motel room. Defendant separates MV1's legs, fully exposing her genitalia, and inserts his penis inside her anus. The video clearly captures MV1 visibly crying out in pain. Defendant used Discord and Skype to distribute the image and video.

During the summer of 2019, MV2 and his mother moved into the same motel as Defendant and his family. The two families became friendly and remained in contact even after MV2 and his mother moved elsewhere. MV2's mother asked T.C. and Defendant to babysit MV2 on only one occasion, at some point after July 11, 2018, but on or before October 16, 2019.

Defendant was left alone to supervise MV2 for only a very short period of time while T.C. and P.P. stepped outside to smoke. While they were outside, Defendant performed oral sex on MV2 by placing his mouth on MV2's penis. At the time this occurred, MV2 was not yet one-year-old. Defendant also filmed this rape with his LGk20 cellular device. Defendant also distributed this video on Discord and Skype.

Plea Agreement - 6
U.S. v. Price, CR21-5255 BHS

UNITED STATES ATTORNEY
1201 PACIFIC AVE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

1   On October 16, 2019, the Vancouver Police Department received a CyberTip originating from Discord. The CyberTip contained Defendant's communications and upload history from his chat the day prior when he uploaded the image and video depicting MV1. Believing MV1 to be in imminent harm, law enforcement quickly identified Defendant as the user associated with the Discord activity.

Later that evening, law enforcement arrested the Defendant and took MV1 into protective custody. During his post-Miranda interview, Defendant admitted to raping both MV1 and MV2. He also wrote an apology letter to MV1 that read, "I'm sorry I sexually assaulted you. I never should have let it happen. I am sorry I came on your face and fucked you in the butt. I wish I could see you grow up. I love you and will always be thinking of you."

Each image and video depicting Defendant raping MV1 and MV2 contained sexually explicit conduct as defined in 18 U.S.C. § 2256(2)(A)(i). Each image and video was produced using digital devices that had been shipped or transported in interstate commerce. MV1's image and videos were disseminated in interstate and foreign commerce through electronic means and viewed by users in Canada. Law enforcement located additional child pornography images on multiple digital devices during subsequent forensic examinations.

The parties agree that the Court may consider additional facts contained in the Presentence Report (subject to standard objections by the parties) and/or that may be presented by the United States or Defendant at the time of sentencing, and that the factual statement contained herein is not intended to limit the facts that the parties may present to the Court at the time of sentencing.

10.   **Sentencing Factors**. The parties agree that the following Sentencing Guidelines provisions apply to this case:

   a.   A base offense level of thirty-two (32) pursuant to U.S.S.G. 2G2.1(a)(1);

Plea Agreement - 7
U.S. v. Price, CR21-5255 BHS

UNITED STATES ATTORNEY
1201 PACIFIC AVE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

1         b.    A four (4) level enhancement for material involving a minor who had not attained the age of twelve years pursuant to U.S.S.G. 2G2.1(b)(1)(A);

       c.    A two (2) level enhancement because the offense involved sexual contact pursuant to 2G2.1(b)(2)(A);

       d.    A two (2) level enhancement because Defendant knowingly engaged in distribution pursuant to U.S.S.G. 2G2.1(b)(3);

       e.    A four (4) level enhancement because the offense involved material that portrays an infant or toddler pursuant to U.S.S.G. 2G2.1(b)(4)(B); and

       f.    A two (2) level enhancement because the minor was otherwise in the custody, care, or supervisory control of the defendant pursuant to U.S.S.G. 2G2.1(b)(5).

The parties agree they are free to present arguments regarding the applicability of all other provisions of the United States Sentencing Guidelines. Defendant understands, however, that at the time of sentencing, the Court is free to reject these stipulated adjustments, and is further free to apply additional downward or upward adjustments in determining Defendant's Sentencing Guidelines range.

11. **Acceptance of Responsibility.** At sentencing, *if* the Court concludes Defendant qualifies for a downward adjustment acceptance for acceptance of responsibility pursuant to USSG § 3E1.1(a) and Defendant's offense level is 16 or greater, the United States will make the motion necessary to permit the Court to decrease the total offense level by three (3) levels pursuant to USSG §§ 3E1.1(a) and (b), because Defendant has assisted the United States by timely notifying the United States of Defendant's intention to plead guilty, thereby permitting the United States to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

12. **Recommendation Regarding Imprisonment**. Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), the parties jointly agree to recommend that the government will recommend a period of imprisonment not to exceed 20 years and Defendant will ask for 15 years, the mandatory minimum. The parties agree to jointly recommend a life term of supervised release. The parties shall also jointly recommend

Plea Agreement - 8
U.S. v. Price, CR21-5255 BHS

UNITED STATES ATTORNEY
1201 PACIFIC AVE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

any sentence imposed by this Court run concurrent to the sentence in Clark County Cause No. 19-1-02877-06. Defendant understands that this recommendation is not binding on the Court and the Court may reject the recommendation of the parties and may impose any term of imprisonment up to the statutory maximum penalty authorized by law. Defendant further understands that Defendant cannot withdraw a guilty plea simply because of the sentence imposed by the Court. Except as otherwise provided in this Plea Agreement, the parties are free to present arguments regarding any other aspect of sentencing.

13. **Registration as a Sex Offender.** Defendant stipulates and agrees that based on the Sex Offender Registration and Notification Act, Title 42, United States Code, Section 16911 et seq., he is entering a plea of guilty to a sex offense and is a sex offender as those terms are defined in the Act. Defendant further agrees that pursuant to the Act, he is required to register as a sex offender, and keep the registration current, in each jurisdiction where Defendant resides, is an employee, and is a student. Defendant further agrees that for initial registration purposes only, Defendant is required also to register in the jurisdiction in which Defendant is convicted if such jurisdiction is different from the jurisdiction of residence.

14. **Restitution.** Defendant agrees that the Court can order Defendant to pay restitution to the victims of Defendant's crimes and, in exchange for the agreements by the United States contained in this Plea Agreement, Defendant agrees that restitution in this case should not be limited to the offense(s) of conviction. Defendant is aware that the United States will present evidence supporting an order of restitution for all losses caused by all of Defendant's criminal conduct known to the United States at the time of Defendant's guilty plea(s) to include those losses resulting from crimes not charged or admitted by Defendant in the Statement of Facts. In exchange for the promises by the United States contained in this Plea Agreement, Defendant agrees that Defendant will be responsible for any order by the District Court requiring the payment of restitution for such losses.

Plea Agreement - 9
*U.S. v. Price*, CR21-5255 BHS

UNITED STATES ATTORNEY
1201 PACIFIC AVE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

a.     The full amount of restitution shall be due and payable immediately on entry of judgment and shall be paid as quickly as possible. If the Court finds that the defendant is unable to make immediate restitution in full and sets a payment schedule as contemplated in 18 U.S.C. § 3664(f), Defendant agrees that the Court's schedule represents a minimum payment obligation and does not preclude the U.S. Attorney's Office from pursuing any other means by which to satisfy the defendant's full and immediately-enforceable financial obligation, including, but not limited to, by pursuing assets that come to light only after the district court finds that the defendant is unable to make immediate restitution.

b.     Defendant agrees to disclose all assets in which Defendant has any interest or over which Defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or third party. Defendant agrees to cooperate fully with the United States' investigation identifying all property in which Defendant has an interest and with the United States' lawful efforts to enforce prompt payment of the financial obligations to be imposed in connection with this prosecution. Defendant's cooperation obligations are: (1) before sentencing, and no more than 30 days after executing this Plea Agreement, truthfully and completely executing a Financial Disclosure Statement provided by the United States Attorney's Office and signed under penalty of perjury regarding Defendant's and Defendant's spouse's financial circumstances and producing supporting documentation, including tax returns, as requested; (2) providing updates with any material changes in circumstances, as described in 18 U.S.C. § 3664(k), within seven days of the event giving rise to the changed circumstances; (3) authorizing the United States Attorney's Office to obtain Defendant's credit report before sentencing; (4) providing waivers, consents or releases requested by the U.S. Attorney's Office to access records to verify the financial information; (5) authorizing the U.S. Attorney's Office to inspect and copy all financial documents and information held by the U.S. Probation Office; (6) submitting to an interview regarding Defendant's Financial Statement and supporting documents before sentencing (if requested by the United States Attorney's

Plea Agreement - 10
U.S. v. Price, CR21-5255 BHS

UNITED STATES ATTORNEY
1201 PACIFIC AVE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

Office), and fully and truthfully answering questions during such interview; and (7) notifying the United States Attorney's Office before transferring any interest in property owned directly or indirectly by Defendant, including any interest held or owned in any other name, including all forms of business entities and trusts.

   c. The parties acknowledge that voluntary payment of restitution prior to the adjudication of guilt is a factor the Court considers in determining whether Defendant qualifies for acceptance of responsibility pursuant to USSG § 3E1.1(a). In addition, in any event, the government will consider Defendant's cooperation regarding restitution in making its sentencing recommendation.

  15. **Forfeiture**. The Defendant understands that the forfeiture of property is part of the sentence that must be imposed in this case. The Defendant agrees to forfeit to the United States immediately his right, title, and interest in all property he used to commit or to facilitate his commission of the identified offenses. All such property is forfeitable pursuant to Title 18, United States Code, Section 2253(a).

  The Defendant agrees to fully assist the United States in the forfeiture of this property and to take whatever steps are necessary to pass clear title to the United States, including but not limited to: surrendering title and executing any documents necessary to effect forfeiture; assisting in bringing any property located outside the United States within the jurisdiction of the United States; and taking whatever steps are necessary to ensure that property subject to forfeiture is not sold, disbursed, wasted, hidden, or otherwise made unavailable for forfeiture. The Defendant agrees not to file a claim to this property in any federal forfeiture proceeding, administrative or judicial, that may be or has been initiated, or to otherwise contest any federal forfeiture proceeding that may be or has been initiated. The Defendant also agrees he will not assist any party who may file a claim to this property in any federal forfeiture proceeding.

  The United States reserves its right to proceed against any remaining property not identified in this Plea Agreement, including any property in which Defendant has any

Plea Agreement - 11
U.S. v. Price, CR21-5255 BHS

UNITED STATES ATTORNEY
1201 PACIFIC AVE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

interest or control, if the Defendant used that property to commit or to facilitate his commission of the identified offenses.

16. **Abandonment of Contraband.** Defendant also agrees that, if any federal law enforcement agency seized any illegal contraband that was in Defendant's direct or indirect control, Defendant consents to the federal administrative disposition, official use, and/or destruction of that contraband.

17. **Non-Prosecution of Additional Offenses**. As part of this Plea Agreement, the United States Attorney's Office for the Western District of Washington agrees not to prosecute Defendant for any additional offenses known to it as of the time of this Plea Agreement based upon evidence in its possession at this time, and that arise out of the conduct giving rise to this investigation. In this regard, Defendant recognizes the United States has agreed not to prosecute all of the criminal charges the evidence establishes were committed by Defendant solely because of the promises made by Defendant in this Plea Agreement. Defendant agrees, however, that for purposes of preparing the Presentence Report, the United States Attorney's Office will provide the United States Probation Office with evidence of all conduct committed by Defendant.

Defendant agrees that any charges to be dismissed before or at the time of sentencing were substantially justified in light of the evidence available to the United States, were not vexatious, frivolous or taken in bad faith, and do not provide Defendant with a basis for any future claims under the "Hyde Amendment", Pub. L. No. 105-119 (1997).

18. **Breach, Waiver, and Post-Plea Conduct.** Defendant agrees that, if Defendant breaches this Plea Agreement, the United States may withdraw from this Plea Agreement and Defendant may be prosecuted for all offenses for which the United States has evidence. Defendant agrees not to oppose any steps taken by the United States to nullify this Plea Agreement, including the filing of a motion to withdraw from the Plea Agreement. Defendant also agrees that, if Defendant is in breach of this Plea Agreement,

Plea Agreement - 12
U.S. v. Price, CR21-5255 BHS

UNITED STATES ATTORNEY
1201 PACIFIC AVE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

Defendant has waived any objection to the re-institution of any charges that previously were dismissed or any additional charges that had not been prosecuted.

Defendant further understands that if, after the date of this Plea Agreement, Defendant should engage in illegal conduct, or conduct that violates any conditions of release or the conditions of confinement (examples of which include, but are not limited to, obstruction of justice, failure to appear for a court proceeding, criminal conduct while pending sentencing, and false statements to law enforcement agents, the Pretrial Services Officer, Probation Officer, or Court), the United States is free under this Plea Agreement to file additional charges against Defendant or to seek a sentence that takes such conduct into consideration by requesting the Court to apply additional adjustments or enhancements in its Sentencing Guidelines calculations in order to increase the applicable advisory Guidelines range, and/or by seeking an upward departure or variance from the calculated advisory Guidelines range. Under these circumstances, the United States is free to seek such adjustments, enhancements, departures, and/or variances even if otherwise precluded by the terms of the Plea Agreement.

19. **Waiver of Appellate Rights and Rights to Collateral Attacks.** Defendant acknowledges that, by entering the guilty plea required by this Plea Agreement, Defendant waives all rights to appeal from Defendant's conviction and any pretrial rulings of the Court, and any rulings of the Courts made prior to entry of the judgment of conviction. Defendant further agrees that, provided the Court imposes a custodial sentence that is within or below the Sentencing Guidelines range (or the statutory mandatory minimum, if greater than the Guidelines range) as determined by the Court at the time of sentencing, Defendant waives to the full extent of the law:

a. Any right conferred by Title 18, United States Code, Section 3742, to challenge, on direct appeal, the sentence imposed by the Court, including any fine, restitution order, probation or supervised release conditions, or forfeiture order (if applicable); and

Plea Agreement - 13
U.S. v. Price, CR21-5255 BHS

UNITED STATES ATTORNEY
1201 PACIFIC AVE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

         b.     Any right to bring a collateral attack against the conviction and sentence, including any restitution order imposed, except as it may relate to the effectiveness of legal representation; and

         This waiver does not preclude Defendant from bringing an appropriate motion pursuant to 28 U.S.C. § 2241, to address the conditions of Defendant's confinement or the decisions of the Bureau of Prisons regarding the execution of Defendant's sentence.

         If Defendant breaches this Plea Agreement at any time by appealing or collaterally attacking (except as to effectiveness of legal representation) the conviction or sentence in any way, the United States may prosecute Defendant for any counts, including those with mandatory minimum sentences, that were dismissed or not charged pursuant to this Plea Agreement.

         20.    **Voluntariness of Plea**.  Defendant agrees that Defendant has entered into this Plea Agreement freely and voluntarily, and that no threats or promises were made to induce Defendant to enter a plea of guilty other than the promises contained in this Plea Agreement or set forth on the record at the change of plea hearing in this matter.

         21.    **Statute of Limitations**.  In the event this Plea Agreement is not accepted by the Court for any reason, or Defendant breaches any of the terms of this Plea Agreement, the statute of limitations shall be deemed to have been tolled from the date of the Plea Agreement to: (1) thirty (30) days following the date of non-acceptance of the Plea Agreement by the Court; or (2) thirty (30) days following the date on which a breach of the Plea Agreement by Defendant is discovered by the United States Attorney's Office.

//

//

Plea Agreement - 14
U.S. v. Price, CR21-5255 BHS

UNITED STATES ATTORNEY
1201 PACIFIC AVE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

22. **Completeness of Plea Agreement.** The United States and Defendant acknowledge that these terms constitute the entire Plea Agreement between the parties, except as may be set forth on the record at the change of plea hearing in this matter. This Plea Agreement binds only the United States Attorney's Office for the Western District of Washington. It does not bind any other United States Attorney's Office or any other office or agency of the United States, or any state or local prosecutor.

Dated this 30th day of September, 2021.

_____
STEPHEN RIAN PRICE
Defendant

_____
JOHN R. CARPENTER
Attorney for Defendant

_____
GRADY J. LEUPOLD
Assistant United States Attorney

_____
ANGELICA J. WILLIAMS
Assistant United States Attorney

Plea Agreement - 15
U.S. v. Price, CR21-5255 BHS

UNITED STATES ATTORNEY
1201 PACIFIC AVE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800