Judge Benjamin H. Settle

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff<br><br>v.<br><br>STEPHEN RIAN PRICE<br><br>Defendant. | NO. CR21-5255BHS-001<br><br>UNITED STATES' SENTENCING MEMORANDUM |

The United States respectfully recommends the Court follow the recommendation proposed by Probation and impose a custodial sentence of 240 months, a life term of supervised release, a special assessment of $200, and an AVAA penalty of $3,000. Pursuant to plea negotiations, the Government recommends this sentence be ran concurrent to Defendant's State sentence under cause number 19-1-02877-06.

## I.    BACKGROUND

**A.    Offense Conduct**

In 2018, Defendant filmed himself anally raping his infant daughter (MV1) on at least four separate occasions. MV1 was under one years old at the time. In 2019, Defendant sent videos of himself raping MV1 to other users on Discord. The video captures MV1 visibly crying out of pain. In 2019, Defendant filmed himself performing oral sex on MV2 while other adults went outside to smoke. MV2 was less than one-year-old at the time. Defendant also distributed this video on Discord and Skype.

United States' Sentencing Memorandum - 1
*United States v. Stephen Rian Price*, CR21-5255BHS-001

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

When confronted by investigators, Defendant initially denied abusing his infant daughter, but eventually told law enforcement, "What do you want me to say?! I fucked her in the ass and came on her face!" He then wrote the following note to MV1: "I'm sorry I sexually assaulted you I never should have let that happen. I am sorry I came on your face and fucked you in the butt. I wish I could see you grow up. I love you and will always be thinking of you. Love, Dad."

**B.     Procedural History**

On July 13, 2020, the Court appointed Defendant a federal public defender based on a target letter from the Government noting the proposed federal charges. DKT 2. On July 26, 2021, the Government filed a Felony Information charging Defendant with two counts of *Production of Child Pornography.* DKT 5. On September 15, 2021, the Government applied for, and was issued a writ, ordering Defendant to be transported from Clark County Jail to the Federal Courthouse for a plea hearing on September 30, 2021. On September 30, 2021, the defendant entered a plea agreement where the Government would cap its recommendation at 240 months and agree to run its sentence concurrent to any sentence imposed under Clark County Cause No. 19-1-02877-06. The original intent of the parties was to enter a global resolution where Defendant would plead guilty to all charges on the Clark County Cause number in exchange for an agreed low-end sentencing recommendation and an agreement that the two sentences would run concurrently to one another.

Once back in custody at Clark County, Defendant changed his mind, rejected the Clark County Plea agreement, and opted to proceed to trial. On January 20, 2023, Clark County filed a Third Amended Information, charging the defendant with the following 17 criminal charges: Counts 1 through 5 (Rape of a Child in the First Degree – Domestic Violence), Count 6 (Child Molestation in the First Degree – Domestic Violence), Counts 7 through 9 (Dealing in Depictions of a Minor Engaged in Sexually Explicit Conduct in the First Degree), Counts 10 through 13 (Sexual Exploitation of a Minor – Domestic

United States' Sentencing Memorandum - 2
*United States v. Stephen Rian Price*, CR21-5255BHS-001

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

Violence, Counts 14 – 17 (Possession of Depictions of a Minor Engaged in Sexually Explicit Conduct in the First Degree). On February 9, 2023, the Jury returned a verdict convicting him on all 17 counts. On March 27, 2023, the Court sentenced defendant to 108 years in custody.

While Defendant faced his charges in State Court, he repeatedly moved to set over his federal sentencing hearing. The Government did not object. The original plea agreement did not include a requirement that the Defendant plead to the State charges. Therefore, Defendant did not breach the plea agreement by not pleading to the State charges. The Government is asking the Court to adhere to the original plea agreement of the parties even though the State sentence may be significantly higher than initially anticipated by the parties.

## II.　SENTENCING GUIDELINES CALCULATIONS

### A.　Offense Level

The Government agrees with Probation's calculation that the Defendant's Total Offense Level is 43. The base offense level is 32 (U.S.S.G. § 2G2.1(a)(1)); there is a four-level increase because the material involved a minor who had not attained the age of twelve years (U.S.S.G. § 2G2.1(b)(1)(A)); a two-level increase because the offense involved the commission of a sexual act (U.S.S.G. § 2G2.1(b)(2)(A)); a two-level increase because Defendant knowingly engaged in distribution (U.S.S.G. § 2G2.1(b)(3)); a four-level increase because the offense involved material that portrays an infant or toddler (U.S.S.G. § 2G2.1(b)(4)(B)); a two-level increase because the minor was otherwise in the custody, care, or supervisory control of the defendant (U.S.S.G. § 2G2.1(b)(5)); a two-level increase for a multiple count adjustment (U.S.S.G. § 3D1.4(a)). The government moves for a three-level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a) and (b). This results in a total offense level of 45, which since it is in excess of 43, must be treated as a level 43.

United States' Sentencing Memorandum - 3
*United States v. Stephen Rian Price*, CR21-5255BHS-001

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

**B.     Criminal History Category**

Defendant will be a Criminal History Category IV. As noted by in the presentencing report, Defendant has a prior conviction from 2012 for Assault in the Fourth Degree, which adds one point to his criminal history score. USSG § 4A1.1(c). Additionally, Defendant has since been convicted of 17 felony convictions under Clark County Cause Number 19-1-02877-06. That conviction adds 3 points to his criminal history score for a prior sentence of imprisonment exceeding one year—USSG § 4A1.1(a)—and an additional one point for each unscored crime of violence (with a maximum of three points) pursuant to USSG § 4A1.1(e). Each count of Rape of a Child in the First Degree (Counts 1 through 5) constitute a crime of violence because they qualify as a "Forcible Sex Offense" as they are an "offense under state law that would have been an offence under" 18 U.S.C. § 2241(c) if the offense had occurred within federal jurisdiction. USSG § 4A1.1, Cmt. 5; USSG § 4B1.2(a)(2), Cmt 1. Therefore, Defendant has seven Criminal history points, which places him in Criminal History Category IV. Although this makes Defendant's Guideline range "Life," the guideline range must be reduced to his maximum sentence of 30 years.

**III.    FACTORS RELATED TO SENTENCING RECOMMENDATION**

The United States respectfully requests that the Court sentence the defendant to 20 years in custody followed by a lifetime of supervised release. Defendant is already being sentenced to 108 years by the State, which will encompass any sentence imposed by this Court. Therefore, no additional sentence is needed to hold the defendant accountable for these crimes, to provide just punishment for the offense, or to protect the public from further crimes of the defendant. Therefore, a 20-year term is sufficient to meet the sentencing goals of 18 U.S.C. §§ 3553(a).

United States' Sentencing Memorandum - 4
*United States v. Stephen Rian Price*, CR21-5255BHS-001

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

## IV. CONCLUSION

For all the reasons set forth above, the governments respectfully recommends a custodial sentence of 20 years to be followed by a lifetime term of supervised release, a mandatory fee of $100 on each count, and an AVAA penalty of $3,000. Due to the lengthy sentence already imposed on Defendant's state charges, there is no need to impose additional time on these counts. Therefore, the Government respectfully recommends that this sentence be imposed concurrently to the sentence imposed on State cause number 19-1-02877-06.

DATED March 27th, 2023.

Respectfully submitted,

NICHOLAS W. BROWN
United States Attorney

 *s/ Zachary W. Dillon*
ZACHARY W. DILLON
Assistant United States Attorney
United States Attorney's Office
1201 Pacific Avenue, Suite 700
Tacoma, Washington 98402
Email: Zachary.Dillon@usdoj.gov

United States' Sentencing Memorandum - 5
*United States v. Stephen Rian Price*, CR21-5255BHS-001

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800