UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 3:21-cr-05255-BHS |
| Plaintiff, | |
| v. | ORDER AFFIRMING DENIAL OF RECUSAL (DKT. NO. 66) |
| STEPHEN RIAN PRICE, | |
| Defendant. | |

This matter comes before the Court on Judge Benjamin H. Settle's order (Dkt. No. 66) denying Mr. Price's motion for change of venue (Dkt. No. 61), which Judge Settle appropriately construed, in part, as a motion for recusal (Dkt. No. 66 at 1).[1] Local Civil Rule 3(f) provides that when a judge in this District declines to voluntarily recuse himself from a case following a party's motion to recuse pursuant to 28 U.S.C. § 144 or 28 U.S.C. § 455, he "will direct the clerk to refer the motion to the chief judge."

---

[1] Although Mr. Price's motion was formally brought as a motion for change of venue, Mr. Price's arguments revolve entirely around the perceived unfairness of Judge Settle toward Mr. Price in the instant litigation. Accordingly, Mr. Price appears to argue that Judge Settle has shown personal bias or prejudice toward him that warrants recusal under 28 U.S.C. § 144 or 28 U.S.C. § 455. While Judge Settle addressed Mr. Price's arguments in the context of both a motion to change venue and motion to recuse, the Court now solely addresses the latter pursuant to Local Civil Rule 3(f).

Mr. Price requests that his "case be transferred to the Seattle courts" because he "feel[s] that [Judge Settle] ha[s] been unfair in forcing [him] to represent [himself] and not hearing [him] out." (Dkt. No. 61 at 1.) In particular, Mr. Price asserts Judge Settle "refused" to provide him new counsel, while expressing frustration regarding the counsel Judge Settle previously appointed to represent him. (*Id.*) Mr. Price therefore appears to argue that recusal is appropriate based on bias or prejudice allegedly displayed by Judge Settle.

"[R]ecusal is appropriate where 'a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned.'" *Yagman v. Republic Ins.*, 987 F.2d 622, 626 (9th Cir. 1993) (internal citation omitted). Bias or prejudice sufficient to warrant recusal must derive from an extrajudicial source. *Agha-Khan v. Mortgage Elec. Registration Sys., Inc.*, 2022 WL 501564, at *1 (9th Cir. Feb. 18, 2022). In other words, prior adverse rulings of a judge will not suffice. *Mayes v. Leipziger*, 729 F.2d 605, 607 (9th Cir. 1984).

Here, Mr. Price's motion focuses solely on Judge Settle's decisions with respect to appointment of counsel for Mr. Price. (Dkt. No. 61 at 1.) Because Mr. Price only takes issue with the manner in which Judge Settle has presided over this matter, Mr. Price has not shown any personal bias or prejudice requiring recusal. *See United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 566 (9th Cir. 1995).

Accordingly, this Court AFFIRMS Judge Settle's denial of Mr. Price's motion to recuse.

DATED this 8th day of August 2023.

David G. Estudillo
United States District Judge