UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>STEPHEN RIAN PRICE,<br><br>　　　　　Defendant. | CASE NO. 3:21-cr-05255-BHS<br><br>ORDER |

This matter is before the Court on pro se defendant Stephen Price's motion to withdraw his guilty plea, Dkt. 55.

On September 10, 2020, the Government sent a letter to Price's federal and state attorneys stating that it "intend[ed] to pursue federal criminal charges against [Price] for two counts of Production of Child Pornography, in violation of Title 18, United States Code, Section 2251, for conduct committed by Mr. Price involving MV1 and MV2." Dkt. 59-1 at 2. The Government stated that it "is willing to enter into a global resolution with Mr. Price, which would involve guilty pleas by Mr. Price in the Clark County and Federal matters with a recommendation that the sentences imposed run concurrently." *Id.* This

ORDER - 1

letter does not indicate what sentence the Government would recommend, but it states that the State would recommend a sentence of 318 months.[1] *Id.* at 3

On September 30, 2021, Price pleaded guilty to two counts of production of child pornography in violation of 18 U.S.C. §§ 2251(a) and (e). Dkts. 9, 10. His plea agreement provides that he entered into it freely and voluntarily:

> Defendant agrees that Defendant has entered into this Plea Agreement freely and voluntarily, and that no threats or promises were made to induce Defendant to enter a plea of guilty other than the promises contained in this Plea Agreement or set forth on the record at the change of plea hearing in this matter.

Dkt. 9 at 14.

During his plea hearing, Magistrate Judge J. Richard Creatura reviewed the plea agreement with Price, including the elements of the charges, the potential penalties, and the rights that Price would waive should he plead guilty. Price testified that he understood the terms of the agreement, that nobody had promised or guaranteed what sentence the Court would impose, that he understood that the Court is not bound by the parties' sentencing recommendations, and that he had not received any promises other than those in the plea agreement. Price pleaded guilty and Judge Creatura found that the plea was entered knowingly, intelligently, and voluntarily.

---

[1] This letter states that, pursuant to a global plea agreement, "[t]he guilty pleas in the Clark County matters would be to the amended charges of two counts of Rape of a Child in the First Degree, one count of Child Molestation in the First Degree, and one count of Dealing in Depictions of Minors Engaged in Sexually Explicit Conduct in the First Degree." Dkt. 59-1 at 2–3. It further states that "Clark County agrees to dismiss all remaining counts and not to pursue an exceptional sentence based on the existence of multiple aggravating circumstances." *Id.* at 3.

Judge Creatura then entered a report and recommendation stating, "[a]fter examining the defendant under oath, I determined that the guilty plea was knowingly, intelligently, and voluntarily made, and that the offense[s] charged [are] supported by an independent basis in fact containing each of the essential elements of such offense[s]." Dkt. 12 at 1. Judge Creatura "recommend[ed] that the defendant be adjudicated guilty and have sentence imposed." *Id.* The Court subsequently entered an order "accept[ing] the plea of guilty of the defendant to the charge[s] in the Information," and "adjudg[ing] [the defendant] guilty of such offenses." *Id.*

According to the Government, Price was subsequently returned to state custody, refused to plead guilty to the state charges, and proceeded to trial on those charges in Clark County Superior Court. Dkt. 59 at 3. A jury found Price guilty of 17 felony offenses.[2] Dkt. 59-2 at 2–3. On March 24, 2023, that court sentenced Price to 1,306 months of imprisonment. *Id.* at 9.

Price moves to withdraw his guilty plea in this Court "based on the fact that when [he] pled guilty the writ [the Court] signed said that [he] was to be sent back to state same day." Dkt. 55 at 1. According to Price, he "was instead transported to [Federal Detention Center,] SeaTac and left [t]here for one and a half months." *Id.* Price asserts that he "only pled guilty to take care of [his] state case first." *Id.*

---

[2] These include: four counts of rape of a child in the first degree, domestic violence; one count of rape of a child in the first degree; one count of child molestation in the first degree, domestic violence; three counts of dealing in depictions of a minor engaged in sexually explicit conduct in the first degree; three counts of sexual exploitation of a minor, domestic violence; one count of sexual exploitation of a minor; and four counts of possession of depictions of a minor engaged in sexually explicit conduct in the first degree. Dkt. 59-2 at 2–3.

1    The Government opposes Price's motion. Dkt. 59. It asserts that Price fails to
satisfy his burden of establishing "a 'fair and just reason' that permits him to withdraw
his guilty plea under [Federal] Rule [of Criminal Procedure] 11(d)(2)(B)." *Id.* at 5. It
asserts that Price's two reasons for wanting to withdraw his guilty plea—first, that he was
not transported to state custody quickly enough to address his state charges and, second,
that he pleaded guilty only so that he could address his state charges first—do not
constitute fair and just reasons for doing so. *Id.* at 6–7. The Government contends that
"[t]he speed of defendants' [sic] transport has no impact whatsoever on his plea nor is
there any showing that a delay even existed, let alone that it caused any prejudice." *Id.* at
7. It also contends that "there was no need to plead to the federal charges to address the
state charges" and that, even if there was, "that is not a fair and just reason to withdraw
his guilty plea." *Id.*

The Government asserts that "[t]he record indicates that Price wishes to withdraw
his guilty plea because he is unhappy with the lengthy sentence he received on his state
charges." *Id.* This is so, according to the Government, because Price waited until the date
that his sentencing was supposed to occur—which was nearly three years after he pleaded
guilty—to move to withdraw his guilty plea. *Id.*; s*ee* Dkt. 51.

Price replies that he is "not withdrawing [his] plea based on [his] sentencing." Dkt.
65 at 1. He asserts that his motion should be granted because: "(1) [his] mental state at
the time of pleading guilty was/is not what it should be, I have diagnosis for PTSD, Mild
Major Depressive Disorder and Bipolar disorder, (2) [he] was lied to by multiple lawyers
and the courts when the writ on September 30th 2019 was given. Being held at FDC

ORDER - 4

SeaTac prevented me from completing my state case sooner." *Id.* Price also asserts that "[his] mental health being what it is, [he] felt pressured into pleading guilty, [he] never wanted to plead guilty, [his] plan from the start was to go to trial." *Id.*

Under the Federal Rules of Criminal Procedure, "[a] defendant may withdraw a plea of guilty . . . after the court accepts the plea, but before it imposes sentence if . . . the defendant can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). "Although this standard is liberal, it must be consistent with 'Rule 11's purpose of ensuring some finality at the time pleas are accepted.'" *United States v. Minasyan*, 4 F.4th 770, 778 (9th Cir. 2021), *cert. denied*, 142 S. Ct. 928 (2022) (quoting *United States v. Ensminger*, 567 F.3d 587, 593 (9th Cir. 2009)). Accordingly, "'[o]nce the plea is accepted, permitting withdrawal is, as it ought to be, the exception, not an automatic right.'" *Minasyan*, 4 F.4th at 779 (quoting *Ensminger*, 567 F.3d at 593).

"Importantly, the burden is on the defendant to show a permissible reason to withdraw the guilty plea." *Minasyan*, 4 F.4th at 779. This "includes reasons like 'inadequate Rule 11 plea colloquies, newly discovered evidence, intervening circumstances, or any other reason for withdrawing the plea that did not exist when the defendant entered his plea.'" *Id.* (quoting *Ensminger*, 567 F.3d at 590–91). "[A] change of heart—even a 'good faith change of heart'—is not a fair and just reason that entitled [a defendant] to withdraw his plea, even where the government incurs no prejudice." *Ensminger*, 567 F.3d at 593 (quoting *United States v. Rios-Ortiz*, 830 F.3d 1067, 1069 (9th Cir. 1987)). "[T]he decision to allow withdrawal of a plea is solely within the

discretion of the district court." *United States v. Nostratis*, 321 F.3d 1206, 1208 (9th Cir. 2003).

Price does not challenge the adequacy of the Rule 11 hearing and, in any event, the Court concludes that this hearing was adequate. A review of the transcript of this hearing reveals that Price entered into the agreement knowingly, intelligently, and voluntarily. He provides no fact, in any sworn statements or in his briefing, that undermines this conclusion. His only factual assertions are (1) that he been diagnosed with "PTSD, Mild Major Depressive Disorder and Bipolar disorder," Dkt. 65 at 1, (2) that, because of his "mental health," he "felt pressured into pleading guilty," *id.,* and (3) that he pleaded guilty "to take care of [his] state case first." Dkt. 55 at 1. Concerning the first two factual assertions, Price does not argue that any of his claimed medical conditions precluded him from understanding either the terms of the plea agreement or the Rule 11 hearing. He also does not support either of these factual assertions with medical records or any other evidence. Moreover, the third factual assertion does not bare on whether Price entered his guilty plea knowingly, intelligently, and voluntarily, and it does not otherwise amount to a fair and just reason supporting the withdrawal of his plea.

Nor could Price show that he is no longer bound by the plea agreement because he proceeded to trial on the state charges. Although the Government's briefing refers to the plea agreement between itself and Price as a "global plea deal," Dkt. 59 at 3, the record indicates otherwise. The Government's plea agreement states that "[t]he United States and Defendant acknowledge that these terms constitute the entire Plea Agreement between the parties, except as may be set forth on the record at the change of plea hearing

in this matter." Dkt. 9 at 15. Nothing in this plea agreement provides that its terms are contingent upon Price pleading guilty to the state charges. *See generally* Dkt. 9. The parties also did not make any additional agreements during the plea hearing.

But even if this plea agreement required Price to plead guilty to the state charges, Price is not entitled to withdraw his guilty plea simply because he proceeded to trial on the state charges. The plea agreement between Price and the Government states that "Defendants agrees that, if Defendant breaches this plea Agreement, *the United States may withdraw from this Plea Agreement and Defendant may be prosecuted for all offenses for which the United States has evidence*." Dkt. 9 at 12 (emphasis added). The plea agreement does not contain any term permitting *Price* to withdraw from it upon his own breach of the agreement. *See generally* Dkt. 9.

In sum, Price fails to satisfy his burden of showing a fair and just reason warranting the withdrawal of his guilty plea. Therefore, it is hereby **ORDERED** that Price's motion to withdraw his guilty plea, Dkt. 55, is **DENIED**.

Dated this 22nd day of August, 2023.

BENJAMIN H. SETTLE
United States District Judge

ORDER - 7